UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS CASHMAN,<br>　　　　Plaintiff<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br>STEVEN A. MILLS, CHARLES ILL,<br>JOHN R. JOYCE and GREGORY<br>ENRIQUEZ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　Civil Action No. 05-10306-RWZ |

**PLAINTIFF THOMAS CASHMAN'S EMERGENCY MOTION FOR
EXPEDITED DISCOVERY RESPECTING PERSONAL JURISDICTION**

Plaintiff Thomas Cashman ("Cashman") respectfully moves this Honorable Court, on an

emergency basis, for an Order requiring that defendants Steven A. Mills ("Mills"), John R. Joyce

("Joyce") and Charles Ill ("Ill") (collectively, "Moving Defendants"), respectively, provide, on

an expedited basis, responses to requests for production of documents and answers to

interrogatories narrowly circumscribed to support personal jurisdiction.[1]  This Motion is filed on

an emergency basis as Cashman's Opposition to the Motion To Dismiss filed by defendants

Mills, Joyce and Ill is due on Friday, April 22, 2005.  Copies of Cashman's proposed requests for

production are attached hereto as *Exhibit A*, while copies of Cashman's proposed interrogatories

are attached hereto as *Exhibit B*.[2]  As grounds for this Motion, Cashman submits as follows:

1.  Plaintiff Cashman's First Amended Complaint was filed in the Massachusetts

Superior Court for Norfolk County on January 7, 2005.  At all times relevant to the allegations

---

[1]　　Plaintiff has served his initial disclosures, consisting of 16 pages, on March 31, 2005 and has thus complied
with its precursory obligation to serve discovery upon the defendants.  Fed. R. Civ. P. 26(a)(1).

[2]　　Mr. Cashman has attached copies of request for production of documents (five) and interrogatories (three)
directed to Mr. Mills; and of request for documents to Mr. Joyce (five) and interrogatories (five).  Those
directed to Mr. Ill are exactly the same as those to Mr. Mills, content-wise.

raised in the First Amended Complaint, Cashman maintained a home office in Dedham, Norfolk County, Massachusetts. *See* First Amended Complaint, ¶4.

2.  In Count V of his First Amended Complaint, at ¶¶78-85, Cashman specifically alleges, *inter alia*, that Messrs. Ill, Mills, Joyce and Enriquez are or were for all relevant times officers or agents of IBM within the meaning of G.L. c. 149, § 148.  Cashman further assets that the defendants failed to pay his commission compensation due and owing at the close of 2001, even after he requested payment of the sums due and owing both verbally and in writing and followed IBM's published "Open-Door" grievance procedure.  In addition, Cashman alleges that, in violation of Mass. Gen. Laws, ch. 149, §148A, the Defendants retaliated against him for taking action to recover his compensation including, but not limited to, removing him from IBM's Executive Resource List.  Finally, Cashman alleges that he suffered harm as a result of the Defendants' conduct, in violation of M.G.L. ch. 149, §§148, 148A and 150.

3.  Cashman submits that The Massachusetts Wage Act, G.L. ch. 149, §§148, provides, in pertinent part that, "[t]he president and treasurer of a corporation and any officers or agents having the management of such corporation shall be deemed to be the employers of the employees of the corporation within the meaning of this section." First Amended Complaint, ¶2. The Massachusetts Wage Act therefore inherently contemplates sufficient contacts in Massachusetts where an in-state employee is harmed by the actions or inactions of an out-of-state employer as defined therein.

4.  With respect to the defendant Mills, Cashman alleges specifically that: "Mr. Mills was in the direct chain of command managing and controlling software sales and commissions decisions for IBM, including those complained of by Mr. Cashman in this action."  First Amended Complaint at ¶8.  Cashman further alleges that, "[u]pon information and belief, Mr.

Mills travels regularly to IBM's offices in Massachusetts, to carry out his duties regarding IBM software." *Id.*   Cashman also alleges that Mills is an employer as defined by M.G.L. c. 149, §148. *See id.* at ¶8.

5.   Concerning defendant Joyce, Cashman alleges that "Mr. Joyce was responsible for all financial and business development activities of IBM, including those taking place in Massachusetts and including compensation of its employees.  Upon information and belief, IBM's Finance and Planning sector, headed by Mr. Joyce, was complicitous in the decision to cut Mr. Cashman's commissions." First Amended Complaint, at ¶9.  Cashman also alleges that Joyce is an employer as defined by M.G.L. c. 149, §148. *See id.* at ¶9.

6.   Finally, respecting defendant Ill, Cashman alleges that, "[o]n or about February 5, 2002, Mr. Cashman filed an Open Door grievance with Mr. Ill respecting IBM's failure to pay his 2001 commissions earned and due and payable pursuant to the 2001 50/50 SWG Sales Plan." First Amended Complaint, ¶7.  In addition, Cashman alleges that he "initiated and received many communications involving Mr. Ill from Mr. Cashman's home office in Massachusetts directly related to the claims central to this action." *Id.*   Cashman also alleges that Ill is an employer as defined by M.G.L. c. 149, §148. *See id.* at ¶7.

7.   Defendants Mills, Joyce, Gregory Enriquez ('Enriquez") and International Business Machines Corporation ("IBM") were served on January 19, 2005.  Defendant Ill was served on January 17, 2005.

8.   On or about February 15, 2005, all defendants removed the case to this Court alleging diversity jurisdiction.

9.   On or about March 9, 2005, defendants Mills, Joyce and Ill moved this Court to dismiss plaintiff Cashman's claims against them on the grounds that this Court does not have

3

personal jurisdiction over them.  Specifically, defendants allege that Cashman cannot show that any contacts that Mills or Joyce had with Massachusetts meet the requirements of the long arm statute.  *See* Memorandum Of Law In Support Of Motion To Dismiss By Steven A. Mills, John R. Joyce and Charles Ill, at p. 1.  In addition, they allege that Cashman cannot show that constitutional principles of due process afford this Court personal jurisdiction over Mills, Joyce or Ill.[3]  *See id.*

10.    In support of the motion to dismiss, Mills is circumspect, stating that "[he] ha[s] not transacted business while in the Commonwealth of Massachusetts directly relating to decisions regarding Thomas Cashman's 2001 commissions."  *See* Declaration of Steven A. Mills, at ¶8.

11.    Just as Mills does, Defendant Joyce maintains, in a thinly veiled attempt to avoid personal jurisdiction in Massachusetts, that "[he] has[s] not transacted business while in the Commonwealth of Massachusetts directly relating to decisions regarding Thomas Cashman's 2001 commissions."  *See* Declaration of John R. Joyce, at ¶8.

12.    Finally, defendant Ill submits a Declaration in which he alleges simply that "[he] did not travel to Massachusetts to meet with Mr. Cashman.  I conducted any communications with Mr. Cashman from my office in New York."  *See* Declaration of Charles Ill, at ¶8.

13.    All three declarations lack any detail and appear carefully crafted to avoid having to state the contact that they *did* have with Massachusetts.[4]

14.    The pertinent portions of the Massachusetts long-arm statute, M.G.L. c. 223A, § 3, read as follows:

---

[3]    That same day, defendants International Business Machines Corporation and Gregory Enriquez filed answers to the removed First Amended Complaint.

[4]    In its Answer to the Complaint IBM admits that it has offices in no less than 7 cities and towns in Massachusetts.

A court may exercise personal jurisdiction over a person . . . as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth; . . . [or] (c) causing tortious injury by an act or omission in this commonwealth . . . . (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth"

15.     Given the broadly construed Massachusetts long-arm statute, M.G.L. 223A,

§ 3(a), (c) and (d), and the calculated, circumspect nature of the Declarations of Mills, Joyce and

Ill, respectively, the interests of justice require that limited discovery respecting personal

jurisdiction be permitted before allowing the drastic consequences of dismissal. *See, e.g.,*

*Cytotherapeutics, Inc. v. Neurospheres, Ltd.*, 1997 WL 33547301, *1 (D.R.I.)(allowing

expedited discovery respecting personal jurisdiction; deferring decision on defendants' motion to

dismiss). These defendants should not be allowed selectively to tiptoe through the jurisdictional

facts peculiarly within their knowledge, without an opportunity for Mr. Cashman to establish

otherwise. Finally, if the Moving Defendants claims are accurate with respect to their contact

with Massachusetts, the effort required to respond to this discovery will be neglible. If not, Mr.

Cashman is entitle to this information before dismissal is considered.

**WHEREFORE,** Cashman respectfully requests that this Honorable Court grant his

motion for expedited discovery respecting personal jurisdiction so that he might properly

respond to the Motion To Dismiss filed by defendants Mills, Joyce and Ill. Mr. Cashman seeks a

response to his discovery in 14 days or if the Court allows a longer period to allow Mr. Cashman

5 days from receiving the documents and answers to interrogatories to file its opposition to the

motion to dismiss.  Mr. Cashman further requests that the jurisdictional discovery, which is the

subject of this motion, not be included in the discovery allowed pursuant to Local Rule 26.1(C).

### LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for Plaintiff certify that they, through Sharon Patton, conferred with Defendants'

counsel, Heather Stepler, on April 1, 2005, regarding the filing of this Motion for Expedited

Discovery.  Defendants' counsel indicated that Defendants would not assent to the granting of

the Motion For Expedited Discovery.

Respectfully submitted,
THOMAS CASHMAN
By his attorneys,

/s/ Sharon H. Patton
Charles R. Bennett BBO#037380
Kathleen E. Cross BBO # 556934
Sharon H. Patton BBO#634780

HANIFY & KING
Professional Corporation
One Beacon Street
Boston, Massachusetts  02108
(617) 423-0400

April 1, 2005

426066

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS CASHMAN, <br> Plaintiff <br><br> v. <br><br> INTERNATIONAL BUSINESS <br> MACHINES CORPORATION, <br> STEVEN A. MILLS, CHARLES ILL, <br> JOHN R. JOYCE and GREGORY <br> ENRIQUEZ | ) <br> ) <br> ) <br> ) <br> )     Civil Action No. 05-10306-RWZ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF THOMAS CASHMAN'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STEVEN A. MILLS**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, Thomas Cashman

("Cashman") hereby requests Defendant, Steven A. Mills ("Mills") to produce within 30

days of service at the office of Hanify & King, P.C., One Beacon Street, Boston,

Massachusetts 02108 and to permit counsel to inspect and copy, test, or sample such of

the following described documents or tangible things as are in the possession, custody or

control of Defendant, his agents, servants, employees or attorneys.

If any documents covered by this Request are withheld from production, please

furnish a list of all such documents which contains a complete description of each

document, including the date of the document, identification of each person or entity who

received a copy thereof and/or who currently is in possession of said document,

identification of each person by whom it was written and the ground(s) upon which it is

being withheld.

This demand is to include all after-acquired documents made reference to in this Request. The Defendant is therefore requested to update the production of documents by forwarding copies to the Plaintiff or putting the Plaintiff on notice as to any such newly acquired material.

<u>INSTRUCTIONS AS TO PRIVILEGE</u>

If any of the documents are within the scope of this request for production but have not been produced under any claim of privilege, then provide the following information as to each document to which each such claim is made:

a.    its date;

b.    the name and address of its maker;

c.    the name and address of each person who has seen and reviewed each document;

d.    the name and address of each person listed as an addressee;

e.    a brief description of the subject matter;

f.    the nature of the privilege or immunity claim; and

g.    a summary of all facts and circumstances upon which such a claim is based.

<u>INSTRUCTIONS AS TO OBJECTIONS</u>

If an objection is made to any request contained therein, state, for item or category objected to:

a.    the specific ground for each objection; and

b.    a description of the subject matter of each responsive document or item.

All copies of documents which are non-identical to the originals by reason of handwritten comments, marginal notations, underlining or otherwise shall be produced in addition to the originals.

All attachments to the documents which are stapled, paper clipped or otherwise affixed to documents shall be produced and shall be attached to the documents to which they relate.

Your attention is called to the duty imposed by Fed. R. Civ. P. 26 to supplement the responses to these requests with respect to documents hereafter acquired.

<u>DEFINITIONS</u>

The following definitions apply to all discovery requests:

1.     Communication.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.     Document.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.     Person.  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

4.     Concerning.  The term "concerning" means referring to, describing, evidencing or constituting.

5.     You and your.  The term "you" and "your" refer to the Defendant, Steven A. Mills, his agents, attorneys or employees, acting for Mills personally or as a representative of International Business Machines Corporation, its affiliates and subsidiaries.

## DOCUMENTS TO BE PRODUCED

REQUEST NO. 1.

     All documents demonstrating any contact that you have had with the Commonwealth of Massachusetts or anyone located therein since July 1, 2000.

REQUEST NO. 2.

     All documents demonstrating any business or real estate interest that you or any principal on whose behalf you acted may have had in the Commonwealth of Massachusetts since July 1, 2000.

REQUEST NO. 3.

     All e-mails or other electronic communications that you sent or caused to be sent into the Commonwealth of Massachusetts since July 1, 2000.

REQUEST NO. 4.

     All telephone records indicating any telephone calls that you made or caused to be made to the Commonwealth of Massachusetts or a resident thereof since July 1, 2000.

REQUEST NO. 5.

     All diaries or calendars demonstrating any meeting or communication with any person/s from the Commonwealth of Massachusetts since July 1, 2000.

REQUEST NO. 6.

All expense reports and/or receipts indicating any business trip or expenditure in the Commonwealth of Massachusetts since July 1, 2000.

Respectfully submitted,

THOMAS CASHMAN

By his attorneys,

Charles R. Bennett, Jr. (BBO#037380)
Kathleen E. Cross (BBO#556934)
Sharon H. Patton (BBO#634780)
HANIFY & KING, P.C.
One Beacon Street, 21st floor
Boston, MA  02108
(617) 423-0400

DATED:  April 1st, 2005

## Certificate of Service

I, Kathleen E. Cross, hereby certify that I have this 1st day of April 2005 served a true copy of the foregoing by hand upon the following counsel of record for all defendants:

Joan Ackerstein, Esq.
Heather L. Stepler, Esq.
Jackson Lewis LLP
75 Park Plaza
Boston, MA  02116

Kathleen E. Cross

425352                                   5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS CASHMAN,<br>                    Plaintiff<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br>STEVEN A. MILLS, CHARLES ILL,<br>JOHN R. JOYCE and GREGORY<br>ENRIQUEZ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 05-10306-RWZ

**PLAINTIFF THOMAS CASHMAN'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOHN R. JOYCE**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, Thomas Cashman

("Cashman") hereby requests Defendant, John R. Joyce ("Joyce") to produce within 30

days of service at the office of Hanify & King, P.C., One Beacon Street, Boston,

Massachusetts  02108 and to permit counsel to inspect and copy, test, or sample such of

the following described documents or tangible things as are in the possession, custody or

control of Defendant, his agents, servants, employees or attorneys.

If any documents covered by this Request are withheld from production, please

furnish a list of all such documents which contains a complete description of each

document, including the date of the document, identification of each person or entity who

received a copy thereof and/or who currently is in possession of said document,

identification of each person by whom it was written and the ground(s) upon which it is

being withheld.

This demand is to include all after-acquired documents made reference to in this Request. The Defendant is therefore requested to update the production of documents by forwarding copies to the Plaintiff or putting the Plaintiff on notice as to any such newly acquired material.

## INSTRUCTIONS AS TO PRIVILEGE

If any of the documents are within the scope of this request for production but have not been produced under any claim of privilege, then provide the following information as to each document to which each such claim is made:

a.    its date;

b.    the name and address of its maker;

c.    the name and address of each person who has seen and reviewed each document;

d.    the name and address of each person listed as an addressee;

e.    a brief description of the subject matter;

f.    the nature of the privilege or immunity claim; and

g.    a summary of all facts and circumstances upon which such a claim is based.

## INSTRUCTIONS AS TO OBJECTIONS

If an objection is made to any request contained therein, state, for item or category objected to:

a.    the specific ground for each objection; and

b.    a description of the subject matter of each responsive document or item.

All copies of documents which are non-identical to the originals by reason of handwritten comments, marginal notations, underlining or otherwise shall be produced in addition to the originals.

All attachments to the documents which are stapled, paper clipped or otherwise affixed to documents shall be produced and shall be attached to the documents to which they relate.

Your attention is called to the duty imposed by Fed. R. Civ. P. 26 to supplement the responses to these requests with respect to documents hereafter acquired.

<u>DEFINITIONS</u>

The following definitions apply to all discovery requests:

1.      Communication.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.      Document.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.      Person.  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

4.      Concerning.  The term "concerning" means referring to, describing, evidencing or constituting.

5.      You and your.  The term "you" and "your" refer to the Defendant, John R. Joyce, his agents, attorneys or employees, acting for Joyce personally or as a representative of International Business Machines Corporation, its affiliates and subsidiaries.

<u>DOCUMENTS TO BE PRODUCED</u>

<u>REQUEST NO. 1.</u>

All documents demonstrating any contact that you have had with the Commonwealth of Massachusetts or anyone located therein since July 1, 2000.

<u>REQUEST NO. 2.</u>

All documents demonstrating any business or real estate interest that you or any principal on whose behalf you acted may have had in the Commonwealth of Massachusetts since July 1, 2000.

<u>REQUEST NO. 3.</u>

All e-mails or other electronic communications that you sent or caused to be sent into the Commonwealth of Massachusetts since July 1, 2000.

<u>REQUEST NO. 4.</u>

All telephone records indicating any telephone calls that you made or caused to be made to the Commonwealth of Massachusetts or a resident thereof since July 1, 2000.

<u>REQUEST NO. 5.</u>

All diaries or calendars demonstrating any meeting or communication with any person/s from the Commonwealth of Massachusetts since July 1, 2000.

<u>REQUEST NO. 6.</u>

All expense reports and/or receipts indicating any business trip or expenditure in the Commonwealth of Massachusetts since July 1, 2000.

Respectfully submitted,

THOMAS CASHMAN

By his attorneys,

Charles R. Bennett, Jr. (BBO#037380)
Kathleen E. Cross (BBO#556934)
Sharon H. Patton (BBO#634780)
HANIFY & KING, P.C.
One Beacon Street, 21st floor
Boston, MA  02108
(617) 423-0400

DATED:  April 1, 2005

<u>Certificate of Service</u>

I, Kathleen E. Cross, hereby certify that I have this 1st day of April 2005 served a true copy of the foregoing by hand upon the following counsel of record for all defendants:

Joan Ackerstein, Esq.
Heather L. Stepler, Esq.
Jackson Lewis LLP
75 Park Plaza
Boston, MA  02116

Kathleen E. Cross

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS CASHMAN,<br>        Plaintiff<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br>STEVEN A. MILLS, CHARLES ILL,<br>JOHN R. JOYCE and GREGORY<br>ENRIQUEZ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

       Civil Action No. 05-10306-RWZ

**FIRST SET OF INTERROGATORIES PROPOUNDED BY
PLAINTIFF, THOMAS CASHMAN TO BE
ANSWERED BY THE DEFENDANT, STEVEN A. MILLS**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, Thomas Cashman ("Cashman") hereby propound to Defendant Steven A. Mills ("Mills"), the following interrogatories to be answered separately, fully and in writing under oath within thirty (30) days after service.

DEFINITIONS

The following definitions apply to all discovery requests:

1.    <u>Communication</u>. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.    <u>Document</u>. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.    <u>Person</u>. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

4.    <u>You and your</u>. The term "you" and "your" refer to the Defendant, Mills, his agents, attorneys or employees, acting for Mills personally or as a representative of International Business Machines Corporation ("IBM"), its affiliates and subsidiaries.

5.   <u>Concerning</u>.  The term "concerning" means referring to, describing, evidencing or constituting.

## INTERROGATORIES

<u>INTERROGATORY NO. 1</u>.

Please describe, completely, all contact that you, personally or as agent for IBM, have had with the Commonwealth of Massachusetts or anyone located or residing there since July 1, 2000, including but not limited to telephone calls, written communications, and e-mails or other electronic communications from or to Massachusetts.

<u>INTERROGATORY NO. 2</u>.

Please describe, completely, all occasions on which you were physically present in the Commonwealth of Massachusetts since July 1, 2000.

<u>INTERROGATORY NO. 3</u>.

Please list and describe any communications that were sent into Massachusetts since July 1, 2000 on behalf of yourself or any person, which bore your signature.

Respectfully submitted,

THOMAS CASHMAN

By his attorneys,

*Kathleen Cross*

Charles R. Bennett, Jr. (BBO#037380)
Kathleen E. Cross (BBO#556934)
Sharon H. Patton (BBO#634780)
HANIFY & KING, P.C.
One Beacon Street, 21st floor
Boston, MA  02108
(617) 423-0400

DATED:  April ___, 2005

## **Certificate of Service**

I, Kathleen E. Cross, hereby certify that I have this __1st__ day of April 2005 served a true copy of the foregoing by hand upon the following counsel of record for all defendants:

Joan Ackerstein, Esq.
Heather L. Stepler, Esq.
Jackson Lewis LLP
75 Park Plaza
Boston, MA  02116

Kathleen E. Cross

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS CASHMAN,<br>　　　　Plaintiff<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br>STEVEN A. MILLS, CHARLES ILL,<br>JOHN R. JOYCE and GREGORY<br>ENRIQUEZ | )<br>)<br>)<br>)<br>)　　Civil Action No. 05-10306-RWZ<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST SET OF INTERROGATORIES PROPOUNDED BY
PLAINTIFF, THOMAS CASHMAN TO BE
ANSWERED BY THE DEFENDANT, JOHN R. JOYCE**

　　　　Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, Thomas

Cashman ("Cashman") hereby propound to Defendant John R. Joyce ("Joyce"), the

following interrogatories to be answered separately, fully and in writing under oath

within thirty (30) days after service.

<u>DEFINITIONS</u>

　　　　The following definitions apply to all discovery requests:

　　　　1.　　<u>Communication</u>.  The term "communication" means the transmittal of
information (in the form of facts, ideas, inquiries or otherwise).

　　　　2.　　<u>Document</u>.  The term "document" is defined to be synonymous in meaning
and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).  A draft or non-
identical copy is a separate document within the meaning of this term.

　　　　3.　　<u>Person</u>.  The term "person" is defined as any natural person or any
business, legal or governmental entity or association.

　　　　4.　　<u>You and your</u>.  The term "you" and "your" refer to the Defendant, John R.
Joyce, his agents, attorneys or employees, acting for Joyce personally or as a
representative of International Business Machines Corporation ("IBM"), its affiliates and
subsidiaries.

5.    <u>Concerning</u>.  The term "concerning" means referring to, describing, evidencing or constituting.

## INTERROGATORIES

INTERROGATORY NO. 1.

Please describe, completely, all contact that you, personally or as agent for IBM, have had with the Commonwealth of Massachusetts or anyone located or residing there since July 1, 2000, including but not limited to telephone calls, written communications, and e-mails or other electronic communications from or to Massachusetts.

INTERROGATORY NO. 2.

Please describe, completely, all occasions on which you were physically present in the Commonwealth of Massachusetts since July 1, 2000.

INTERROGATORY NO. 3.

Please list and describe any communications that were sent into Massachusetts since July 1, 2000 on behalf of yourself or any person, which bore your signature.

INTERROGATORY NO. 4.

Please describe all duties and responsibilities of any position that you have held with IBM since July 1, 2000, and how, if at all, they affected IBM's Massachusetts employees.

INTERROGATORY NO. 5.

Please list, by year, the number of Massachusetts employees employed by IBM beginning in January 1, 2000.

Respectfully submitted,

THOMAS CASHMAN

By his attorneys,

Charles R. Bennett, Jr. (BBO#037380)
Kathleen E. Cross (BBO#556934)
Sharon H. Patton (BBO#634780)
HANIFY & KING, P.C.
One Beacon Street, 21st floor
Boston, MA  02108
(617) 423-0400

DATED:  April ___, 2005

## Certificate of Service

I, Kathleen E. Cross, hereby certify that I have this ___ day of April 2005 served a true copy of the foregoing by hand upon the following counsel of record for all defendants:

Joan Ackerstein, Esq.
Heather L. Stepler, Esq.
Jackson Lewis LLP
75 Park Plaza
Boston, MA  02116

Kathleen E. Cross

425380                                                3