UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS CASHMAN,<br>　　　　Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br>STEVEN A. MILLS, CHARLES ILL,<br>JOHN R. JOYCE, and GREGORY<br>ENRIQUEZ,<br>　　　　Defendants. | Civil Action No.  05-10306-RWZ |

## JOINT MOTION TO SEAL CONFIDENTIAL DOCUMENTS

Pursuant to Local Rule 7.2, Plaintiff, Thomas Cashman ("Plaintiff"), and Defendant, International Business Machines Corporation ("IBM") (collectively, the "Parties"), move the court to seal certain confidential, business forecast documents of IBM's which Plaintiff intends to reference and attach to his papers in opposition to the motion to dismiss by Defendants Steven A. Mills, Charles Ill and John R. Joyce.  Specifically, the Parties seek to withhold from public inspection eleven (11) pages of charts that contain IBM forecasting information, some pages of which bear dates from October and November of 2001.

In connection with this motion to seal, the undersigned parties hereby stipulate (the "Stipulation") as follows:

　　　　1.　　　IBM considers the business forecasting documents Plaintiff intends to attach to his papers to be confidential, business information.  These documents, the information contained

ATI-2164549v1

therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from such documents (herein collectively referred to as the "Confidential Material") shall be used by Plaintiff solely for purposes of this action.  Plaintiff and his counsel may not produce or communicate this Confidential Material to anyone other than those described herein.

2.  Plaintiff may disclose or otherwise make available the Confidential Material only to the following:  (i) the Court (including court staff); (ii) to court reporters and videographers at deposition, hearing or trial; (iii) a party (including any parent, subsidiary, affiliate, or member of a party) to this action and its counsel (including paralegals and clerical and secretarial assistance employed or contracted by such counsel); (iv) to a witness at deposition, hearing, trial or other duly noticed legal proceeding in this action, to the extent counsel has a good faith belief that disclosure is required for a thorough examination; and (v) to "qualified persons" defined below as:

    a. Consulting or testifying expert witnesses assisting the Plaintiff in the evaluation or prosecution of this action, provided that Plaintiff shall under no circumstances disclose or otherwise make available the Confidential Material to any person who is or works for a company that is known by Mr. Cashman, after good faith inquiry, to be a competitor of IBM, unless expressly authorized to do so by the Court;

    b. Any clerical or secretarial assistants of such consultant or expert; and

    c. Such other persons to whom the parties shall agree in writing.

3. Prior to receiving this Confidential Material, Plaintiff shall present each "qualified person" with a copy of this Stipulation and any Order thereon and shall execute a Certification in the form of Attachment 1, agreeing to be bound by the terms of this Stipulation and any Order thereon. All such persons shall be bound by the terms of this Stipulation and any Order thereon, and shall not disclose or permit disclosure of the documents or the information contained therein other than pursuant to the terms of this Stipulation and any Order thereon. Counsel for Plaintiff shall retain the original of each and every such executed Certification. In the event that IBM suspects that a breach of this Stipulation has occurred or presents another good faith basis to receive a copy of such Certification, Mr. Cashman's counsel shall cooperate either by providing a copy of an executed Certification or by acting promptly to have the Court resolve any objection to the production of an executed Certification.

4. Each "qualified person" described in paragraph 2 to whom Confidential Material is to be furnished, shown or disclosed will use Confidential Material solely for the purposes of this action and will not communicate the information, directly or indirectly, to any person other than those described in paragraph 2.

5. The Confidential Material shall be filed under seal pursuant to Local Rule 7.2, and this Motion, endorsed by the Court, shall be attached to the front of the envelope in which the sealed documents are filed, along with a label "CONFIDENTIAL- UNDER SEAL".

6. This Stipulation and any Order thereon shall survive the final termination of this action. Within thirty (30) days after termination of this action (whether by judgment, settlement or otherwise), Plaintiff shall retrieve from the Clerk of the Court the Confidential Material filed

3
ATI-2164337v1

ATI-2164549v1

under seal and shall return to IBM such filing as well as Confidential Material in Plaintiff's possession, and all copies of same, including any extracts, summaries or compilations taken there from, but excluding any materials which in the good faith judgment of counsel are work product materials. Receipt of material returned shall be acknowledged in writing. In the alternative, after reviewing the Confidential Material, Plaintiff may destroy all copies (including electronic copies) of Confidential Material within the 30 day period and provide IBM with written acknowledgement of such destruction.

7. Any disclosure or dissemination of any Confidential Material in violation of this Stipulation and any Order thereon by any person subject to this Stipulation and any Order thereon shall entitle the aggrieved party to seek legal and/or equitable relief.

8. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial, or the use IBM may make of its own documents.

9. This Stipulation between the parties shall be and shall remain in force and effect upon execution of this Stipulation by counsel for the parties until modified, superseded or terminated in writing or by agreement of the parties hereto or by order of the Court.

ACCEPTED, STIPULATED, AND AGREED:

| | |
|---|---|
| THOMAS CASHMAN<br>By his attorneys, | INTERNATIONAL BUSINESS MACHINES CORPORATION<br>By its attorneys, |

/s/ Sharon H. Patton
Kathleen E. Cross, BBO # 556934
Sharon H. Patton, BBO # 634780
Hanify & King
One Beacon Street
Boston, MA 02108
(617) 423-0400

/s/ Heather Stepler
Joan Ackerstein, BBO # 348220
Heather L. Stepler, BBO # 654269
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116
(617) 367-0025

Janine Cone Metcalf (admitted *pro hac vice*)
Jordana R. Sternberg (admitted *pro hac vice*)
Jones Day
303 Peachtree Street, NE
Atlanta, Georgia 30308-3242
(404) 521-3939

Dated: April 21, 2005                Dated: April 21, 2005


SO ORDERED: _____    DATE:_____
HONORABLE RYA W. ZOBEL

5
ATI-2164337v1

ATI-2164549v1

ATTACHMENT 1

**CERTIFICATION**

I, _____, do hereby certify that I am fully familiar with the terms of the Stipulation And Order regarding Confidentiality in the matter <u>Thomas Cashman v. International Business Machines Corporation et al.</u>, and hereby agree to comply with and be bound by the terms and conditions of said Stipulation And Order.

_____

Dated: _____

6
ATI-2164337v1

ATI-2164549v1