UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS CASHMAN,<br>    Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES<br>CORPORATION, STEVEN A. MILLS,<br>CHARLES ILL, JOHN R. JOYCE, and<br>GREGORY ENRIQUEZ,<br>    Defendants. | Civil Action No. 05 10306 RWZ |

**RESPONSE OF DEFENDANTS STEVEN A. MILLS, JOHN R. JOYCE, AND CHARLES ILL TO PLAINTIFF'S REQUEST FOR LEAVE TO FILE SURREPLY**

Plaintiff Thomas Cashman has filed an opposition to defendants' motion for leave to file a reply brief in support of their motion to dismiss for lack of personal jurisdiction. Plaintiff's opposition includes a request to file a surreply, followed by what appears to be the text of the surreply. Plaintiff's thinly-veiled effort to avoid the requirement of making a motion for leave to file a surreply should not be rewarded. In addition, plaintiff's opposition/surreply injects a new issue in the case. Plaintiff argues for the first time that this Court may have *general* jurisdiction over defendants. (*See* Plaintiff's Opposition, ¶ 8.) Because plaintiff waited until now to raise the question of general jurisdiction, defendants have been forced to file this response to point out that this new argument is without merit.

1.  Plaintiff's argument in opposing defendants' motion to dismiss was that defendants are subject to personal jurisdiction in Massachusetts pursuant to subsection (a) of the state long-arm statute.[1] Subsection (a) provides for jurisdiction where a defendant "transacts business" in the Commonwealth. *See* G.L. c. 223A, § 3(a). It is well-established that subsection

---

[1] *See* Plaintiff Thomas Cashman's Memorandum In Opposition To Defendants Steven A. Mills, John R. Joyce and Charles Ill's Motion To Dismiss For Lack of Personal Jurisdiction at 3.

(a)'s transacting business test "is grounded on specific personal jurisdiction" only. *Connecticut Nat'l Bank v. Hoover Treated Wood Prods., Inc.*, 37 Mass. App. Ct. 231, 233 n.6, 638 N.E.2d 942, 944 n.6 (1994); *see also The Ealing Corp. v. Harrods Ltd.*, 790 F.2d 978, 983 (1st Cir. 1986) ("Explicit in the long-arm statute is the specific-jurisdiction requirement that the cause of action arise from defendant's activity within the state."). Therefore, plaintiff cannot make a general jurisdiction argument under the Massachusetts long-arm statute.

2.   Moreover, even if plaintiff could assert general jurisdiction under the long-arm statute, he could not do so within the constitutional limits of due process. The United States Supreme Court and other courts have expressed reservations as to whether general jurisdiction even applies to individuals. *See Burnham v. Superior Court of California*, 495 U.S. 604, 610 n. 1 (1990) (declining to address the issue in detail, but recognizing that "[i]t may be that [general jurisdiction] applies only to corporations"); *Hoechst Celanese Corp. v. Nylon Eng'g Resins, Inc.*, 896 F. Supp. 1190, 1193 n.4 (M.D. Fla. 1995) ("Nor is it clear that general jurisdiction can ever be held over a private, non-resident defendant."); *see also In re DaimlerChrysler AG Securities Lit.*, 197 F. Supp. 2d 86, 97 (D. Del. 2002) (expressing reluctance to base jurisdiction over individual solely on the grounds of general jurisdiction "[g]iven the uncertainty in this area").

3.   Even if the court were to hold that general jurisdiction can be applied to individuals, "[t]he continuous and systematic business contacts required for the exercise of general jurisdiction are difficult to establish." *In re DaimlerChrysler AG Securities Lit.*, 197 F. Supp. 2d at 98. "Indeed, the plaintiff must show 'significantly more than minimum contacts to establish general jurisdiction.'" *Id.* (quoting *Provident Nat'l Bank v. California Fed. Savs. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987)). In *Helicopteros Nacionales de Colombia, S.A. v.*

*Hall*, 466 U.S. 408, 411 (1984), the Supreme Court dismissed as insignificant for general jurisdiction purposes the defendant's negotiations in Texas (the forum state), withdrawal of money from a Texas bank, the purchase of eighty percent of its helicopter fleet in Texas over a seven-year period, and sending of numerous pilots and management personnel to Texas for training. The Court concluded that these activities were not "the kind of continuous and systematic general business contacts" required by due process to uphold general jurisdiction over a foreign corporation. *Id.* at 416. These defendants do not dispute they had business contacts with Massachusetts pursuant to their responsibilities for IBM; however, such in-state corporate activities do not even begin to approach the extensive contacts rejected by the Supreme Court in *Helicopteros*. *See also In re DaimlerChrysler AG Securities Lit.*, 197 F. Supp. 2d at 98-99 (individual's stock ownership, role as director of a U.S. corporation, and presence at meetings in the U.S. were insufficient contacts for purposes of general jurisdiction in the U.S. over a foreign individual). (*See also* Declarations of defendants attached to the Memorandum of Law in Support of the Motion to Dismiss.)

4. None of the cases plaintiff cites find general jurisdiction over an individual. All but one of those cases base their decision solely on specific jurisdiction. *See United Elec. Radio and Mach. Workers v. 163 Pleasant St., Corp.*, 960 F.2d 1080, 1088 (1st Cir. 1992) ("ITD's contacts are manifestly insufficient to ground a claim of general jurisdiction in the present case."); *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998) ("MSL does not argue, and we find no facts to suggest, that any of the Eight Individual Defendants can be brought before a Massachusetts court on a general jurisdiction theory."); *Phillips Exeter Academy v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 288 (1st Cir. 1999) ("Exeter has never claimed that the Fund and the Company are subject to the general

jurisdiction of New Hampshire's courts."). The only case plaintiff cites in which principles of general jurisdiction are applied is *Donatelli v. National Hockey League*, 893 F.2d 459, 462-63 (1st Cir. 1990). In that case, however, the First Circuit held that the district court *lacked* general jurisdiction over an unincorporated association which does not itself conduct significant activities within the forum. This holding does little to advance plaintiff's case here. Therefore, plaintiff's assertion that general jurisdiction may apply is without merit.

                                            Respectfully submitted,

                                            **STEVEN A. MILLS, JOHN R. JOYCE AND CHARLES ILL**

                                            /s/ Joan Ackerstein
                                            Joan Ackerstein, BBO # 348220
                                            Heather Stepler, BBO # 654269
                                            JACKSON LEWIS LLP
                                            75 Park Plaza, 4th Floor
                                            Boston, Massachusetts 02116
                                            (617) 367-0025

                                            Janine Cone Metcalf (admitted pro hac vice)
                                            Jordana R. Sternberg (admitted pro hac vice)
                                            JONES DAY
                                            1420 Peachtree Street, N.E., Suite 800
                                            Atlanta, Georgia 30309-3053
                                            (404) 521-3939
                                            (404) 581-8330

Dated: June 1, 2005