# HK  Hanify&King

**KATHLEEN E. CROSS**
Direct Dial: (617) 226-3433
Direct Fax: (617) 305-0633
E-mail: kec@hanify.com

June 24, 2005

BY HAND

The Honorable Rya W. Zobel
United States District Court
For The District Of Massachusetts
United States Courthouse
1 Courthouse Way
Boston, MA 02210

    RE:    Thomas Cashman
    VS:    International Business Machines Corporation, et al.
    NO:    <u>Norfolk Superior Court, Civil Action No. 5-cv-10306-RWZ</u>

Dear Judge Zobel:

    I am writing to bring to the Court's attention an opinion in case that was issued in the Superior Court of the Massachusetts Trial Court on June 10, 2005 entitled, *O'Leary v. Henn,* Civ. Action No. 04-01653 (Memorandum of Decision and Order on Defendant Karl Eller's Motion to Dismiss, June 10, 2005) (Borenstein, J.).

    The decision concerns, in part, a defendant's motion to dismiss for lack of personal jurisdiction in an action in which plaintiff asserted entitlement to unpaid wages pursuant to the Massachusetts Wage Act, G.L. c. 149, §§ 148 and 150. As certain individual defendants in this matter have brought a similar motion, Mr. Cashman respectfully requests that the Court consider the *O'Leary* opinion in support of Mr. Cashman's position.

    Specifically, an individual defendant in *O'Leary*, Karl Eller, brought a motion to dismiss for want of personal jurisdiction because he was an Arizona resident who was not an officer or agent and had only telephone contact with the plaintiff's Massachusetts employer and had no physical contact with Massachusetts for the period alleged in the complaint. The facts

Professional Corporation
Counsellors at Law

One Beacon Street
Boston, Massachusetts 02108-3107
Tel: 617-423-0400
Fax: 617-423-0498
www.hanify.com

**HK | Hanify&King**

The Honorable Rya W. Zobel
June 24, 2005
Page 2

demonstrated that Eller was an investor and outside director in the Massachusetts employer, loaning it major amounts of money and owning almost 40% of its stock, who participated in meetings of the employer's Board of Directors from outside Massachusetts and inquired about the financial affairs of the Company. At two of the Board meetings the employer's bankruptcy and the plaintiff's compensation were discussed. The plaintiff alleged that defendant Eller "managed the affairs of [the employer]" and directed the nonpayment of his wages.

Despite defendant Eller's physical distance from the employer company and his apparent lack of direct contact with the Massachusetts plaintiff (at least from the record described by the court), the Judge Borenstein found that defendant Eller "was in a position to substantially influence Board discussions and decisions," and therefore personal jurisdiction was appropriate for this Wage Act claim.

The *O'Leary* case supports Mr. Cashman's position that Massachusetts contacts by the three individuals in this case (Messrs. Mills, Ill and Joyce) in their capacity as officers and/or managing agents of IBM (and therefore "employers" per the Wage Act), should be considered as determinative of personal jurisdiction. If an Arizona investor in a Massachusetts business who had only telephone contact with this state for directors' meetings can be found to be subject to personal jurisdiction in this Commonwealth for a Wage Act Claim, it follows that these three who were admittedly conducting business on behalf of Mr. Cashman's employer in Massachusetts, and at least one of whom admits conducting business with Mr. Cashman personally, should equally be amenable to jurisdiction here.

To the extent these three defendants participated in the management of IBM's business in Massachusetts that admittedly required contact between them and the Commonwealth, most of which would be unknown to Mr. Cashman, he has requested discovery of the defendants (and which they have refused to answer based on their pending motion for a protective order). Mr. Cashman therefore repeats his request for discovery prior to a decision on these defendants' motion, to the extent the Court believes it does not have sufficient bases for doing so with the information so far produced.

**HK** **Hanify&King**

The Honorable Rya W. Zobel
June 24, 2005
Page 3

     Mr. Cashman respectfully submits that the *O'Leary* opinion, corroborating *Barthel v. One Community, Inc.*, 233 F. Supp.2d 125 (D. Mass. 2002) and cases from other jurisdictions in similar factual and legal circumstances, supports this Court's exercise of jurisdiction over the three Individual Defendants here.

                                         Very truly yours,

                                          Kathleen E. Cross

KEC/ja
Enclosures
cc:    Joan Ackerstein, Esq.  (by facsimile and first class mail)
        Jordana R. Sternberg, Esq.  (by facsimile and first class mail)

12.0

12-170-05

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                              SUPERIOR COURT
                                                          CIVIL ACTION
                                                          NO. 04-01653

                                                          Dated
DENNIS O'LEARY                                            RECEIVED & FILED
                                                          6/10/05
vs.                                                       CLERK OF THE COURTS
                                                          NORFOLK COUNTY
STEPHEN HENN & another[1]

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT KARL ELLER'S MOTION TO DISMISS

### Introduction

Plaintiff Dennis O'Leary ("O'Leary") brought an action for nonpayment of wages pursuant to G.L. c. 149, §§ 148 and 150 ("Wage Act") against Stephen Henn ("Henn") and Karl Eller ("Eller"), seeking payment of unpaid back wages, treble damages, and attorney's fees. Defendant Eller now moves to dismiss O'Leary's entire complaint pursuant to Mass. R. Civ. P. 12(b)(2) and (6). For the reasons set forth below, Eller's motion to dismiss is **DENIED**.

### Background

Plaintiff O'Leary, a resident of Massachusetts, was an employee of nonparty Cognistar Corporation ("Cognistar"), a current or former Massachusetts company, from July 2000 to June 2003. Defendant Henn and nonparty Fairfax O'Riley ("O'Riley") founded Kansas City Technology, Inc. (name later changed to Cognistar) in August 1998. Cognistar distributed web-based Continuing Legal Education products, and had valuable intellectual property assets, but struggled financially from its inception. Defendant Eller,

---
[1] Karl Eller

10

an individual with a place of business in Phoenix, Arizona, entered into business with Cognistar in April 2002. Eller provided Cognistar with an initial five million dollars in funding in April 2002, and an additional seven hundred and fifty thousand dollars in funding in March 2003. By June 2004, however, Eller was no longer willing to provide Cognistar with funds to cover its operating deficits. On June 9, 2004, Cognistar filed a voluntary petition under Chapter 11 of Title 11 of the Bankruptcy Code. The company's bankruptcy court filings indicate that Eller held 39.9% of Cognistar's stock, and was owed $2,260,516.10 by Cognistar at the time of filing.

In Count I of O'Leary's complaint, O'Leary claims that "much" of his wages and vacation pay were not paid during his employment at Cognistar. In Count II of O'Leary's complaint, O'Leary claims that, while Cognistar was in arrears on his wage payments, Cognistar provided him with two twenty-five thousand dollar payments, one in April 2002 and one in October 2003, on the condition that O'Leary execute loan agreements purporting to characterize the payments as loans from Cognistar to him. O'Leary claims that the loan agreements violated the Wage Act because the loans were not made with the approval of the Attorney General. Moreover, O'Leary claims that, when Cognistar was an operating concern, Eller actively managed the affairs of Cognistar, directing which of Cognistar's obligations would be paid. O'Leary alleges that Eller gave the direction to deny payment of O'Leary's unpaid wages and vacation pay.

Defendant Eller contends that the facts asserted by O'Leary are insufficient to establish personal jurisdiction over Eller or to state a claim against Eller under the Wage Act. Specifically, Eller claims that this Court lacks personal jurisdiction over him given

2

that Eller's contact with Cognistar and its officers was limited to telephone conversations that Eller conducted from his place of business in Arizona, and that Eller made no trips to the Commonwealth during the period spanning July 2000 to October 13, 2004, the date O'Leary filed his complaint. Eller contends that O'Leary has failed to state a claim upon which relief can be granted, and asserts the following argument in support of his claim: Eller served only as an outside director and investor of Cognistar; Eller was never appointed company president, treasurer, officer, or agent; and, Eller is, therefore, not an "employer" within the meaning of the Wage Act.

The two issues before this court in ruling on the motion to dismiss are: Does this court have personal jurisdiction over defendant Eller? Is it beyond doubt that plaintiff O'Leary can prove no set of facts in support of his claim that would entitle him to relief?

## Discussion

I. Personal Jurisdiction

Personal jurisdiction of a non-resident defendant requires a two-step analysis. A court must first be able to exercise jurisdiction over a defendant pursuant to the state's long arm statute codified at G.L. c. 223A, §§ 3 (a)-(g). The court must then consider whether the exercise of jurisdiction would be constitutional under the due process clause. Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979); Morris v. Morris, 403 Mass. 1001, 1001 (1988); Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994); Packard v. Packard, 34 Mass. App. Ct. 543, 548 (1993) ("Generally, a claim of personal jurisdiction over a non-resident defendant presents a two-fold inquiry: (1) is the assertion of jurisdiction authorized by statute; and, (2) if authorized, is the exercise of jurisdiction under state law consistent with the basic due process requirements mandated

3

by the United States Constitution? Jurisdiction is permissible only when both questions draw affirmative responses.").

The Massachusetts long arm statute lists the minimum contacts that provide a basis for a court to exercise jurisdiction over a non-resident defendant. G.L. c. 223A, § 3. Courts have noted that "c. 223A requires that the circumstances of the particular case come within one of the specific subsections of c. 223A, § 3." Burtner v. Burnham, 13 Mass. App. Ct. 158, 161-162 (1982); see also Good Hope Industries, Inc., 378 Mass. at 6; Tatro, 416 Mass. at 767. Under the Massachusetts long-arm statute, the plaintiff must show that: (1) the defendant transacted business in Massachusetts; and, (2) that the transaction of such business gave rise to the plaintiff's cause of action. Workgroup Technology Corp. v. MGM Grand Hotel, LLC, 246 F. Supp. 2d 102, 109 (D. Mass. 2003).

After determining that the defendant's conduct satisfies the requirements of jurisdiction under G.L. c. 223A, § 3, the court must then decide whether the exercise of jurisdiction would satisfy the Fourteenth Amendment due process test of minimum contacts. Tatro, 416 Mass. at 767; Packard, 34 Mass. App. Ct. at 548. Jurisdiction is proper if the defendant has minimum contacts with the forum state, such that the lawsuit would not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The defendant must also have purposefully availed itself of the "privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958); Good Hope Industries Inc., 378 Mass. at 5-6; Packard, 34 Mass. App. Ct. at 549.

4

When the defendant files a 12(b)(2) motion alleging that the court lacks personal jurisdiction, the plaintiff "has the burden of establishing the facts upon which the question of personal jurisdiction over a defendant is to be determined." Nicholas Assoc., Inc. v. Starr, 4 Mass. App. Ct. 91, 93 (1976); Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 151 (1978); Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 3 (1979); Telco Communications, Inc. v. New Jersey State Fireman's Fund, 41 Mass. App. Ct. 225, 229 (1996); Balloon Bouquets, Inc. v. Balloon Telegram Delivery, Inc., 18 Mass. App. Ct. 935, 935 (1984); Tatro, 416 Mass. at 767; Heider v. Heider, 34 Mass. App. Ct. 634, 637, rev. denied, 416 Mass. 1103 (1993).

In the present case, defendant Eller contends that neither of the statutory bases of personal jurisdiction under G.L. c. 223A, § 3 are satisfied. Specifically, Eller argues that: (1) his physical presence in Massachusetts is required to show that he transacted business in Massachusetts; and, (2) the plaintiff alleges insufficient facts to establish a connection between his cause of action and Eller's communications with Cognistar. This court disagrees.

The Massachusetts long-arm statute does not require that the transaction of business occur within the physical boundaries of the Commonwealth to establish personal jurisdiction over a non-resident defendant. See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 184 F. Supp. 2d 55, 64 (D. Mass. 2001), rev'd, 290 F.3d 4, and cert. denied, 537 U.S. 1029 (transmitting facts or information via telephone or mail constitutes evidence of a jurisdictional contact under the Massachusetts long-arm statute and the due process clause, and a broad but-for test is used to determine whether the plaintiff's cause of action arises from the defendant's specific transaction of business in

5

Massachusetts). Moreover, a few acts on the defendant's part may be all that is needed to satisfy the threshold for transacting business under the Massachusetts long-arm statute. Workgroup Technology Corp., 246 F. Supp. 2d at 110.

By Eller's own admission, he observed and/or participated in Cognistar Board of Directors meetings ("Board meetings") as follows: via telephone in a Board meeting that was held in Arizona on December 19, 2002; via telephone in Board meetings that were held in Massachusetts on September 24, 2002, March 19, 2003, March 24, 2003, May 13, 2003, July 1, 2003, August 27, 2003, February 13, 2004, March 12, 2004, and May 3, 2004; and, personal attendance at Board meetings that were held in Arizona on October 29, 2002 and February 4, 2003. During the February 4, 2003 Board meeting, Eller discussed Cognistar's financial difficulties with Henn, specifically inquiring as to "whether Cognistar was going to run out money." During the March 24, 2003 Board meeting, the topic of discussion was a proposed reduction in the future compensation of O'Leary and certain other Cognistar employees. On March 15, 2004, attorney Daniel Driscoll submitted to Cognistar an express written demand for back wages on behalf of O'Leary. O'Leary's demand letter and the need for Cognistar to reorganize under Chapter 11 of the Bankruptcy Code were topics of discussion at a subsequent Board meeting.

Given the significant financial investment held by Eller in Cognistar, this court is not persuaded by the argument that Eller did nothing more than passively observe the pivotal Board meetings that took place concerning the current state of affairs and future of Cognistar. Rather, the facts indicate that Eller had strong incentive to participate fully in the Cognistar Board meetings, and was in a position to substantially influence Board

6

discussions and decisions. Accordingly, this Court finds that both statutory bases of personal jurisdiction under the Massachusetts long-arm statute are satisfied. Following the same line of reasoning, this Court finds that Eller's Cognistar-related activities satisfy the Fourteenth Amendment due process requirement of minimum contacts.

II. Sufficiency of Plaintiff's Complaint

When evaluating the sufficiency of a complaint pursuant to Mass. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint, as well as any reasonable inferences that can be drawn therefrom in the plaintiff's favor. Fairneny v. Savogran, Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). "The plaintiff need only surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim." Bell v. Mazza, 394 Mass. 176, 184 (1985). "[D]ismissals on the basis of the pleadings, before the facts have been found, are discouraged." Gennari v. City of Revere, 23 Mass. App. Ct. 979, 980 (1987), citing Fibrizio v. Quincy, 9 Mass. App. Ct. 733, 734 (1980) (citations omitted). The complaint must be accorded as a "generous reading." New England Insulation Co v General Dynamics Corp., 26 Mass. App. Ct. 28, 29 (1988).[2]

Any inferences drawn from a pleading should be "construed so as to do substantial justice." Ourfalian v. Aro Manufacturing Co., 31 Mass. App. Ct. 294, 296 (1991), citing Nader v. Citron, 372 Mass. 96, 98, 104 (1977) and Mass. R. Civ. P 8(f). A "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Nader, 372 Mass. at 98, quoting Conley v. Gibson, 355 U.S. 41,

---

[2] This is especially true in wrongful death cases where a fact-deprived personal representative may particularly need an opportunity for discovery. Coughlin v. Dept. of Correction, 43 Mass. App. Ct. 809, 816 (1997).

7

45-46 (1957); see also Whitinsville Plaza, Inc., v. Koteas, 378 Mass. 85, 89 (1979); Charbonnier v. Amico, 367 Mass. 146, 152 (1975). "A complaint is not subject to dismissal if it could support relief on any theory of law," Whitinsville Plaza, Inc., 378 Mass at 89 (citations omitted), "even though the particular relief [which plaintiff] has demanded and the theory on which he seems to rely may not be appropriate." Nader, 372 Mass. at 104 (citations omitted); see also C.M. v. P.R., 420 Mass. 220, 231 (1995), Harvard Law School Coalition for Civil Rights v. President & Fellows of Harvard College, 413 Mass. 66, 71 (1992). In parsing the complaint, plaintiff bears a "relatively light burden," Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46, 47 (1998), and has to be given the benefit of the doubt, Kipp v. Kueker, 7 Mass. App. Ct. 206, 210 (1979).

"A complaint should not be dismissed simply because it asserts a new or extreme theory of liability or improbable facts." Jenkins v. Jenkins, 15 Mass. App. Ct. 934, 934 (1983). See also New England Insulation Co., 26 Mass. App. Ct. at 30 "[I]t is important that new legal theories be explored and assayed in the light of the actual facts rather than a pleader's suppositions." Id., quoting 5 Wright & Miller, Federal Practice and Procedure § 1357, at 603 (1969 & supp. 1987). It may be reasonable for a judge to take judicial notice of the facts. Jackson v. Longcope, 394 Mass. 577, 580 n.2 (1985).

The Wage Act provides that "[t]he president and treasurer of a corporation officer and any officers or agents having management of such corporation shall be deemed employers of the employees within the meaning of this section," and such individuals shall be held personally liable along with the corporation for unpaid wage claims. G.L. c. 149, § 148. In the present case, defendant Eller contends that he served only as an

8

outside director and investor of Cognistar, and that even a broad interpretation of the Wage Act could not support the conclusion that Eller is a statutory "employer." This court disagrees.

In drafting the Wage Act, "it appears that the Legislature intended to impose personal liability on the president and treasurer of a corporation, and on other agents who may not hold these formal titles, but whose actual responsibilities are functionally equivalent to those performed by a corporate president or treasurer." Bisson v. Ptech, Inc., No. 02-2117 (Norfolk Super. Ct. October 19, 2004) (Gants, J.). That is, "the Legislature did not wish to allow the persons who performed the duties of the president and treasurer to be able to escape their obligations to timely pay wages under the Wage Act merely by giving themselves different titles or by avoiding any formal title." Id.

The plaintiff alleges that, after Eller entered into business with Cognistar in April 2002, Eller actively managed the affairs of Cognistar directly or indirectly through Phoenix based agent Kevin Clark ("Clark"). The plaintiff claims, among other things, that: Eller and/or Clark communicated with Cognister management via frequent teleconference calls; Eller controlled the daily operations of Cognistar after obtaining secured creditor status in March 2003; Eller developed a furlough program to delay the assertion of inchoate wage claims by Cognistar employees with the hope that some would become time-barred; Eller directed that the wage arrearages of Cognistar employees not be paid; and, Eller gave the direction to deny payment of the plaintiff's unpaid wages and vacation pay. In short, the plaintiff's argument is that Eller was the de facto president and treasurer of Cognistar. The affidavit of Fairfax O'Riley, Director and Executive Vice President of Cognistar from its inception until approximately June 2003,

9

lends strong support to the plaintiffs claims. Accordingly, this court finds that it is not beyond doubt that O'Leary can prove no set of facts in support of his claim that would entitle him to relief.

### Order

Based on the above reasoning, it is therefore **ORDERED** that the defendant's motion to dismiss pursuant to Mass. R. Civ. P. 12(b)(2) and (6) be, and hereby is, **DENIED**.

Date: June 10, 2005

By Order of the Court,

Hon. Isaac Borenstein
Justice of the Superior Court

A TRUE COPY
Attest: Mary E. Kinney
Deputy Assistant Clerk
6/15/05

10